**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

Thomas Thibeault,

|                               |                                |
|-------------------------------|--------------------------------|
| Plaintiff,                    | Case No.:1:26-cv-1991-SAL      |
| v.                            |                                |
| Central Transport, LLC and    | **COMPLAINT**                  |
| Jordan Kentrel Streetman,      | (Jury Trial Demanded)          |
| Defendants.                   |                                |

Plaintiff Thomas Thibeault, by and through undersigned counsel, alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Thomas Thibeault ("Plaintiff") is a citizen and resident of the State of South Carolina.

2. Defendant Jordan Kentrel Streetman ("Streetman") is a citizen and resident of the State of Georgia.

3. Defendant Central Transport, LLC ("Central Transport") is a domestic limited liability company organized under the laws of the State of Michigan. Upon information and belief Central Transport, LLC members are all citizens of states other than South Carolina.

4. Defendant Central Transport, LLC can be served in the state of South Carolina through its BOC-3 agent Bantley Cave of 1+49 PROCESS AGENTS LLC at 658 Mount Calvary Rd, Ridge Spring, South Carolina 29129.

5.     On the day of the subject crash, Central Transport was a federally-regulated motor carrier operating under DOT Number 661173 subject to the Federal Motor Carrier Safety Regulations ("FMCSRs"), 49 C.F.R. §§ 350–399.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to Plaintiff's claims occurred in North Augusta, South Carolina, within the Aiken Division of this Court.

## FACTUAL ALLEGATIONS

8.     On August 16, 2024, Plaintiff was driving eastbound on Interstate 20 entirely within the right-most lane.

9.     At the same time and place, Streetman was driving a tractor-trailer eastbound on Interstate 20 behind in North Augusta, South Carolina.

10.     Streetman was operating a 2021 Peterbilt 579 bearing VIN Number 1XPBD49X6MD739102 owned, leased, maintained, controlled, and/or dispatched by Central Transport.

11.     The 2021 Peterbilt 579 was a Class 8 vehicle with a gross vehicle weight rating of 33,000 lbs or above.

12.     While Plaintiff was stopped for traffic ahead, Streetman drove into the back of Plaintiff's vehicle causing Plaintiff's injuries.

2

13.    Streetman failed to control his speed to avoid colliding with a person, vehicle or other object.

14.    Plaintiff sustained serious and permanent injuries, incurred significant medical expenses, lost wages and earning capacity, and endured physical pain, mental anguish, inconvenience, and loss of enjoyment of life.

15.    At all relevant times, Streetman was acting within the course and scope of his employment with Central Transport, and Central Transport is vicariously liable for his acts and omissions.

16.    Central Transport was a for-hire motor carrier operating a commercial motor vehicle, a tractor trailer, while transporting property in interstate commerce at the time of the Crash.

17.    Plaintiff was a member of the public and was not an employee of Central Transport at the time of the Crash.

## FOR A FIRST CAUSE OF ACTION
(Negligence/Recklessness, Negligence *Per Se* Against All Defendants)

18.    Plaintiff realleges and reincorporates the preceding paragraphs as if repeated verbatim here.

19.    Streetman owed a duty to Plaintiff to operate the commercial motor vehicle in a safe and reasonable manner, and in accordance with all state and federal laws and regulations.

20.    Streetman breached this duty to use due care in operating the commercial motor vehicle and was negligent, negligent *per se*, reckless, willful,

and/or wanton in numerous particulars, including but not limited to:

   a. Failing to obey traffic signs and signals;

   b. Failing to yield the right of way;

   c. Failing to keep a proper lookout;

   d. Driving while inattentive and/or distracted;

   e. Failing to use the degree of care and skill that a reasonable person would have used under the same or similar circumstances;

   f. Acting with conscious disregard for the safety of others, including Plaintiff;

   g. Acting in violation of applicable state and federal statutes and regulations; and

   h. Committing other acts and omissions as discovery may reveal and the evidence at trial may show.

21. Streetman's acts and omissions were the direct and proximate cause of Plaintiff's injuries and damages claimed herein.

22. As a direct and proximate result of Streetman's acts and omissions, Plaintiff suffered severe physical injuries which have caused, and in the future will cause, Plaintiff to suffer the following damages:

   a. Physical pain and suffering;

   b. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing;

   c. Loss of wages and/or earning capacity;

4

d.  Substantial expenses for past and future medical services;

e.  Mental anguish, emotional distress, shock, and fear;

f.  Other damages as will be shown in the discovery and trial of this case.

23.  Central Transport is vicariously liable for all acts and omissions of Streetman pursuant to the doctrines of agency and respondeat superior.

24.  Plaintiff is entitled to an award of all actual, consequential, and incidental damages against all Defendants, jointly and severally.

25.  Plaintiff is also entitled to an award of punitive damages against all Defendants.

26.  Plaintiff is also entitled to an award of prejudgment interest against all Defendants, jointly and severally.

### FOR A SECOND CAUSE OF ACTION
(Negligent Hiring, Entrustment, Training, Retention, and Supervision Against Central Transport)

27.  Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

28.  Central Transport was negligent, negligent *per se*, grossly negligent, reckless, willful, and/or wanton in hiring and/or retaining Streetman and entrusting them to drive their motor vehicle, in that Central Transport knew or should have known that Streetman was too incompetent, unfit, inexperienced, and/or reckless to operate a commercial vehicle, which created an appreciable risk of harm to the public, including Plaintiff.

29.     Central Transport was negligent, negligent *per se*, grossly negligent, reckless, willful, and wanton in failing to properly train and/or supervise Streetman, in that Central Transport permitted Streetman, who was within their employ and control, to operate a commercial motor vehicle with knowledge that Streetman posed a danger to the public, including Plaintiff, in operating the vehicle.

30.     Central Transport's acts and/or omissions in hiring, training, retaining, and supervising Streetman, and in entrusting them with their commercial motor vehicle, were the direct and proximate cause of the subject collision, as well as Plaintiff's resulting damages.

31.     As a direct and proximate result of the acts and omissions of Central Transport, Plaintiff has suffered and will continue to suffer damages described herein

32.     Plaintiff is therefore entitled to an award of all actual, consequential, and incidental damages against Central Transport.

33.     Plaintiff is also entitled to an award of punitive damages against Central Transport.

## DAMAGES

34.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered damages recoverable under South Carolina law, including:

a.     Past and future medical expenses;

b.     Past and future pain and suffering;

c.     Mental anguish and emotional distress;

6

 d.  Loss of enjoyment of life and impairment;

 e.  Permanent injury, permanent scarring and disability;

 f.  Lost wages and loss of earning capacity;

 g.  Household services and other out-of-pocket expenses;

 h.  Pre- and post-judgment interest as allowed by law; and

35. Punitive damages for reckless, willful, and wanton conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, jointly and severally, for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendants and deter similar conduct; costs of this action; attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**MORGAN & MORGAN P.A.**

*/s/ Cooper Klaasmeyer*
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5438
cooper.klaasmeyer@forthepeople.com
teamck@forthepeople.com
**Attorneys for the Plaintiff**

May 18, 2026
Charleston, South Carolina