IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Thibeault,<br><br>Plaintiff,<br><br>v.<br><br>Central Transport LLC and Jordan Kentrel Streetman,<br><br>Defendants. | C/A No.: 1:26-cv-1991-SAL<br><br>**DEFENDANT JORDON KENTREL STREETMAN'S MOTION TO SET ASIDE DEFAULT** |

Defendant Jordan Kentrel Streetman, correctly identified as Jordon Kentrel Streetman, ("Streetman") moves this Court for an Order setting aside any entry of default against him This Motion is made pursuant to Rule 55(c), Federal Rules of Civil Procedure.[1]

## I. Introduction

Under the Fourth Circuit's liberal Rule 55(c) standard, the *Payne* factors overwhelmingly favor merits adjudication in this case. Streetman did not ignore federal process. Streetman, an over the road commercial driver away from home for fifteen days after substitute service was made on a relative, attempted to hire counsel and moved for relief promptly when notified of the default. Streetman has substantive defenses to liability and damages. No party suffers prejudice by allowing the case to proceed on its merits.

## II. Relevant Facts and Procedural History

This case stems from an August 16, 2024 automobile accident involving Streetman, while in the scope of agency or employment for Defendant Central Transport LLC ("Central"), and

[1] Pursuant to Local Rule 7.04 (D.S.C.), Streetman submits this Motion without a separate supporting memorandum because the Motion contains the full explanation required by Local Civil Rule 7.05 (D.S.C.), and a separate memorandum would serve no useful purpose.

Plaintiff Thomas Thibeault ("Thibault"). Streetman was operating a 2025 Peterbilt tractor-trailer and Thibeault was operating his personally owned Volvo. The accident occurred on August 16, 2024 at 9:15 a.m. as Streetman merged on to Interstate 20 Eastbound near Edgefield Road in Aiken County, South Carolina. As Streetman attempted to merge onto the interstate, traffic in front of him suddenly came to a stop. *Exhibit I, Affidavit of Jordon Streetman* at ¶10. When Streetman noticed the suddenly stopped traffic, and, within seconds, immediately attempted to safely stop his tractor-trailer. *Id.* Despite his efforts, Streetman's vehicle made contact with the rear of Thibeault's Volvo while it was stopped in traffic on the interstate. Streetman estimates that he was driving less than five miles per hour. *Id.*

After the accident, Streetman and Thibeault both waited for law enforcement to arrive. Thibeault did not complain of any injuries at the scene of the accident. *Id.* at ¶ 11. Thibeault's Volvo suffered minimal damage, and Thibeault left the accident scene in his Volvo after law enforcement cleared the scene. *Id.* Thibeault was not transported from the scene by ambulance. *Id.* at ¶ 11. Streetman denies all wrongdoing or negligence relating to the accident. *Id.* at ¶ 12.

In the approximately two years between the accident and the filing of this Motion, Thibeault's lawyers and Cherokee Insurance Company ("Cherokee") communicated multiple times about the claim and potential resolution. Thibeault's counsel first notified Cherokee of the lawsuit on August 17, 2026 and also notified Cherokee that Streetman was in default.

Streetman resigned from Central on or around January 9, 2025 to pursue other career opportunities. Streetman has not been sued before this lawsuit, and did not know what to do in response to the lawsuit papers. *Exhibit I* at ¶¶ 6-8.

Thibeault filed this lawsuit on May 18, 2026. *ECF 1.* He delivered suit papers to Streetman's residence while Streetman was away for work. The process server left the papers with

Streetman's sister. *Exhibit I* at ¶ 5. Streetman currently works as a long-distance freight transport driver, and is frequently away from home for a month or more at a time. *Id.* at ¶ 3. On July 23, 2026, the day of alleged service, Streetman was out of state due to his work. *Id.* Streetman did not see the lawsuit papers until after he returned home on August 7, 2026. *Id.* at ¶5. The undersigned was retained on or around August 18, 2026. The undersigned promptly investigated the circumstances surrounding service and the default, and prepared this motion.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). Good cause is liberally construed "in order to provide relief from the onerous consequences of defaults." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits. *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010), citing *Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990); *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Sauer Construction, LLC v. R&R Masonry, Inc.*, No.: 2:24-cv-05277-DCN, ECF No. 23 at 4 (D.S.C. May 22, 2025) (Norton, J.); citing *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

The Fourth Circuit sets six factors for courts to consider when determining whether good cause exists: "[1] whether the moving party has a meritorious defense, [2] whether he acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to

the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake,* 439 F.3d 198, 204–05 (4th Cir. 2006). The criteria must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 954 (4th Cir.1987).

"The disposition of motions made under Rule 55(c) ... is a matter which lies largely within the discretion of the trial judge." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.,* 383 F.2d 249, 251 (4th Cir. 1967).

## IV. ARGUMENT

The *Payne* factors support the finding of good cause to set aside Streetman's default because Streetman acted with reasonable promptness here and alleges a meritorious defense.

### A. Streetman has meritorious defenses to Thibeault's claims.

Streetman denies that he negligently caused the collision and has proffered facts which, if believed, would permit a jury to find that he exercised reasonable care under the circumstances. Streetman need not fully argue every potential defense at this stage. All that is necessary to establish the existence of a meritorious defense is a presentation of evidence, which, if believed, would permit the finder of fact to find for the defaulting party. *Central Operating Co.* v. *Utility Workers of America*, 491F.2d 245, 252 n.8 (4th Cir. 1974). Streetman, the moving party, "is not required to establish a meritorious defense by a preponderance of the evidence." *Id.*

Streetman's testimony meets this modest standard. *Exhibit* I at ¶¶ 10, 12. According to Streetman, he was merging onto Interstate 20 when traffic ahead of him suddenly stopped. Streetman immediately attempted to stop his tractor-trailer, but despite his efforts, his vehicle contacted the rear of Plaintiff's vehicle at a low speed. If believed, these facts would permit a

factfinder to conclude that Streetman acted reasonably under the circumstances and did not negligently cause the collision.

Courts within the District of South Carolina have recognized that substantially similar defenses satisfy the meritorious defense requirement under Rule 55(c). In *Cousar v. M & R Carriers, Inc.*, a negligence action against a commercial carrier and its driver, the defendants disputed fault and raised the applicability of "comparative negligence and sudden emergency/unavoidable accident." No. 6:16-cv-00865-HMH, ECF No. 14 at *3 (D.S.C. June 2, 2016). Applying *Moradi*, the Court held that these issues established a meritorious defense and weighed in favor of setting aside the entry of default. *Id.*

Streetman's affidavit raises factual defenses that permit a factfinder to bar Thibeault's pled recovery based on at least two defenses. Streetman's testimony implicates the doctrine of unavoidable accident. An unavoidable accident is an unforeseen occurrence not caused or contributed to by the negligence of any person. Anderson's Requests to Charge, § 20-11 Negligence - Unavoidable Accident Defense. Streetman has proffered evidence that he could have not seen stopped traffic until seconds prior to the collision, that he did not cause the stopped traffic, and that he immediately attempted to stop his tractor-trailer. Streetman's testimony could lead a factfinder to conclude that the collision occurred despite Streetman's exercise of reasonable care. *Exhibit* I at ¶ 10.

The same testimony supports application of the sudden emergency defense. A driver confronted with a sudden emergency that he did not cause is required to exercise the care that a reasonably prudent person would exercise under the same circumstances. *See Spahn v. Town of Port Royal*, 326 S.C. 632, 637, 486 S.E.2d 507, 510 (Ct. App. 1997) *aff'd as modified*, 330 S.C.

168, 499 S.E.2d 205 (1998); *see also* Anderson's Request to Charge §20-10 Negligence- Sudden Emergency and Peril.

Whether Streetman's actions were reasonable under the circumstances, whether he faced a sudden emergency, and whether the collision was unavoidable are merits questions requiring factual development. At this stage, Streetman need only demonstrate defenses that, if believed, could permit a finding in his favor. Accordingly, this factor weighs strongly in favor of setting aside default.

These defenses also apply to Plaintiff's claims against Central to the extent Plaintiff seeks to impose liability against Central vicariously for Streetman's alleged negligence. Because Plaintiff's respondeat superior claims against Central derive from Streetman's alleged liability, Streetman's defenses to the underlying negligence claim likewise provide defenses to the derivative claims against Central.

**B. Streetman acted with reasonable promptness**

The issue of reasonable promptness "must be gauged in light of the facts and circumstances of each occasion." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Although Plaintiff purportedly served Streetman through his sister on July 23, 2026, Streetman did not actually receive the lawsuit papers until he returned home fifteen days later, on August 7, 2026. Exhibit I at ¶¶ 5, 7. Streetman files this Motion only thirteen days after actually receiving the lawsuit papers and only three days after entry of default. Streetman is not a lawyer, has never been sued before and did not understand that insurers routinely retain counsel for former employees. *Id.* at ¶¶ 7-8. Streetman tried to contact lawyers and unsuccessfully tried to contact someone at Central Transport LLC. *Id.* at ¶ 8. Streetman's job requires him to be away from home for long periods of time, and this further complicated attempting to address the issues raised by the lawsuit.

The timing of Streetman's Motion here should also be considered favorably under *Payne*. "District Courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside." *Sauer Construction, LLC v. R&R Masonry, Inc.*, No.: 2:24-cv-05277-DCN, ECF No. 23 at *7 (D.S.C. May 22, 2025) (Norton, J.) (finding that a defaulting defendant acted reasonably prompt by filing to set aside default eleven days after entry of default); *citing Reg'l Med. Ctr. of Orangeburg v. Salem Servs. Grp., LLC*, 2020 WL 1956515, at *3 (D.S.C. Apr. 23, 2020). Streetman files this motion only three days after entry of default, less even than the defaulting party in *Sauer*.

**C. Plaintiff cannot demonstrate any prejudice if default were to be set aside.**

If the Court sets aside the default, Thibeault would be required to litigate and prove his case. Requiring Plaintiff to prove his case on the merits does not equate to prejudice because he suffers nothing "beyond that suffered by any party which loses a quick victory." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). This action was filed only three months ago. No discovery has occurred. No evidence has been lost because of the brief default. No witness has become unavailable. Thibeault is in exactly the same posture he would have occupied had Streetman timely answered.

**D. Streetman's personal responsibility for the default was limited.**

Service was purportedly made on Streetman's sister while Streetman was out of state for work. Streetman Aff. ¶ 5. Because of his work as an over-the-road driver, Streetman did not return home or see the papers until August 7, 2026. *Id.* ¶¶ 3, 5, 7. He did not ignore the lawsuit after receiving the papers; instead, he attempted to retain local counsel and contact Central. *Id.* ¶ 8. His

failure to timely answer was not intentional or an attempt to avoid the judicial process. *Id.* ¶¶ 9, 14.

### E. Streetman has no history of dilatory conduct.

This is the beginning of litigation, so Streetman has no history of missing deadlines and has not disobeyed any court order.

### F. Less drastic sanctions are available

Holding Streetman in default, prohibiting him from presenting defenses and impairing his ability to investigate the claims in the Complaint is an onerous and drastic sanction. If the Court determines that sanctions are appropriate, less drastic alternatives remain available, including an award of reasonable costs attributable to the default proceeding.

## V. CONCLUSION

Pursuant to Rule 55(c) and the factors set forth in *Payne,* Streetman respectfully requests that this Court set aside the Clerk's Entry of Default against him and permit him to respond to Plaintiff's Complaint.

Respectfully submitted,

*s/Joseph A. Catalano*

Joseph A. Catalano [Fed ID No.: 13401]
Jacob A. Biltoft [Fed ID No.: 13787]
The McKay Firm, P.A.
3700 Forest Drive, Suite 404 (29204)
P.O. Box 7217
Columbia, SC 29202
Tel: (803) 256-4645
Fax: (803) 765-1839
Email: jbiltoft@mckayfirm.com
Attorney for Defendants

Columbia, South Carolina
August 20, 2026