# EXHIBIT I

# AFFIDAVIT OF
# JORDAN STREETMAN

**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Thomas Thibeault,<br><br>Plaintiff,<br><br>v.<br><br>Central Transport, LLC and Jordan Kentrel Streetman,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 1:26-cv-1991-SAL<br><br>**DECLARATION OF DEFENDANT JORDON STREETMAN** |

Jordon Streetman, Defendant in the above captioned case, under penalty of perjury, states:

1. I am over the age of eighteen (18) and capable of providing the testimony contained in this Declaration. My correct name is Jordon Kentrel Streetman. The caption incorrectly identifies my first name as "Jordan".
2. Currently, I reside at 3223 Farmers Bridge Rd., Hephzibah, GA 30815.
3. I have worked as a commercial driver for 5 years. Currently, I work as an over the road driver at Crossroads Freight Systems ("Crossroads"). As an over the road driver, my job requires me to be away from home for a month or more at a time. I drive all across the United States for my work.
4. I am familiar with the facts of the accident involving Mr. Thibeault ("Plaintiff"). At the time of the accident, I was employed by Defendant Central Transport LLC ("Central"). At the time, I was based out of North Augusta.
5. I worked for Crossroads, not Central, when Plaintiff left lawsuit papers with Mydaina Fortson, my sister. On July 23, 2026, I was driving out of state for my job. I did not return until weeks later, around August 7th.



JKS

6. I last worked for Central on or about January 9, 2025, and left the company to pursue other opportunities. My resignation at Central had nothing to do with the accident involving Plaintiff.

7. I did not see the lawsuit paperwork served on me until I returned home on August 7th, and had no idea that I needed to respond to a Complaint within 21 days. I have never been sued before, and I did not understand what I was required to do in response to the lawsuit papers.

8. I acted as soon as I read the paperwork. I tried to take steps to defend myself in the case. Right away, I tried to consult with local attorneys in my area to hire them to take my case. I was unsuccessful. I did not understand that Central's insurance company might retain a lawyer for me. Next, I tried to contact Central. I kept getting answering machines and it took a few days for anyone at the company to respond to my calls.

9. I never intentionally tried to avoid this lawsuit. I could not even read the paperwork until August 7th because I was out of state for work. I want to respond to the lawsuit and defend myself through my lawyer. I do not believe that I was negligent.

10. I want to defend myself in this lawsuit because I deny that I was negligent. The accident occurred as I was merging onto Interstate 20 Eastbound. Traffic in front of me suddenly came to a complete stop. I did not cause traffic to stop. I only had a few seconds to react and to safely stop. As soon as I observed the stopped traffic, I immediately acted to stop safely. My tractor made contact with the rear of Plaintiff's vehicle at a very low speed, less than 5 miles per hour.

11. After the accident, I did not notice any injuries to Plaintiff and I did not hear him complain about any injuries. He was not transported from the scene by EMS or ambulance. After law enforcement released both of us, Plaintiff drove away from the accident scene in his



JKS

vehicle, the same one involved in the accident. The only possible damage that I noticed was minimal damage to the rear of Plaintiff's vehicle.

12. I deny that I negligently caused the accident or acted wrongfully. I also deny that I acted recklessly, willfully or wantonly.

13. I ask that the Court allow me to defend myself through my attorney. I never intended to avoid this lawsuit, the judicial process, or service of process.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON THE 20 DAY OF AUGUST 2026, PURSUANT TO 28 U.S. CODE § 1746[1].**

Jordon Kentel Streetman (Aug 20, 2026 09:32:56 CDT)

Jordon Streetman

Jordon Streetman

[1] A Declaration under penalty of perjury made pursuant to 28 U.S.C. § 1746 may be used in lieu of a notarized Affidavit. A Declaration under penalty of perjury has the same force and effect as a notarized Affidavit.