IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Thibeault, Plaintiff, v. Central Transport LLC and Jordan Kentrel Streetman, Defendants. | C/A No.: 1:26-cv-1991-SAL **DEFENDANT CENTRAL TRANSPORT, LLC'S MOTION TO SET ASIDE DEFAULT** |

Pursuant to Rules 4, 12(b)(1), 12(b)(2), 12(b)(5), 12(b)(6) and Rule 55(c), Federal Rules of Civil Procedure, Defendant Central Transport LLC (incorrectly identified as Central Transport, LLC)("Central") moves this Court for an Order setting aside any entry of default against it. [1]

## I. Introduction

The Clerk's Entry of Default at ECF 10 should be set aside because Plaintiff Thomas Thibeault ("Plaintiff" or "Thibeault") failed to properly serve Central. Thibeault purported to serve CT Corporation System ("CTCS") on the representation that it was Central's registered agent and authorized to receive process. Central's proffered evidence establishes that CTCS was not its registered agent and was not authorized to accept process. Central therefore challenges service and jurisdiction under Rules 4 and 12, and seeks vacatur of the default.

Alternatively, under the Fourth Circuit's liberal Rule 55(c) standard, the *Payne* factors overwhelmingly favor merits adjudication in this case. Central did not ignore judicial process and has promptly responded to the purported default. In addition to the meritorious defenses asserted

[1] Pursuant to Local Rule 7.04 (D.S.C.), Central submits this Motion without a separate supporting memorandum because the Motion contains the full explanation required by Local Civil Rule 7.05 (D.S.C.), and a separate memorandum would serve no useful purpose.

by Central's former agent Jordon Kentrel Streetman ("correctly identified as *Jordon* Kentrel Streetman") ("Streetman"), incorporated herein by reference, Central additionally has a meritorious 12(b)(6) defense to Plaintiff's conclusory direct-negligence claims.

## II. Relevant Facts and Procedural History

Central incorporates by reference the factual and procedural background set forth in Streetman's Motion to Set Aside Entry of Default as fully set forth herein. *See ECF No.*: 11. The following additional facts relate specifically to Central and Thibeault's attempted service upon it.

The Complaint alleges that "[Central] can be served in the state of South Carolina through its BOC-3 agent Bantley Cave of 1+49 PROCESS AGENTS LLC at 658 Mount Calvary Rd, Ridge Spring, South Carolina 29129." *ECF* 1 at ¶4. Plaintiff Thibeault's Proof of Service Reflects that "[Process Server Julie Thompson] served the summons on **CT Corporation System, Registered Agent,** who is designated by law to accept service of process on behalf of **CENTRAL TRANSPORT LLC** at **2 Office Park Court Suite 103, Columbia, SC 29223** on **7/21/2026 at 12:17 PM**. . ." *ECF 6-1* (emphasis in original).

CTCS was not Central's South Carolina registered agent on July 21, 2026. *Exhibit I*, *Affidavit of Kevin Kalczynski* at ¶4. CTCS was not authorized to accept process for Central on the date of purported service. *Id.* "On July 21, 2026. . . Cogency Global Inc. served as Central Transport LLC's registered agent in South Carolina." *Id.* at ¶5. Kevin Kalczynski, Vice President-Legal, for Central Transport, receives all service of process for handling. *Id.* at ¶2. Central was never served process because Cogency Global never received a copy of the summons and complaint. *Id.* at ¶ 5.

Upon Plaintiff Thibeault's Motion at ECF 9, the Clerk entered default on August 17, 2026. Around this time, Thibeault's attorney notified Cherokee Insurance Company, Central's insurer, that the case was in default. The undersigned was retained on August 18, 2026, promptly investigated the issues at bar and prepared this Motion.

## III. LEGAL STANDARD

"A court must have . . . personal jurisdiction over a defaulting party before it can render a default judgment." *DICK'S Sporting Goods, Inc. v. Fitness Equip. Servs., LLC*, No.3:20-cv-02856-JMC, ECF No. 38 at *7 (Feb. 14, 2022) (internal citations omitted). Rule 4, Fed. R. Civ. P. provides the manner and means by which a defendant may be served. *See* Fed. R. Civ. P. 4(e)-(j). Rule 4(h) provides for service on a corporation "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; . . . ." Fed. R. Civ. P. 4(h)(1).

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). Good cause is liberally construed "in order to provide relief from the onerous consequences of defaults." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits. *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010), citing *Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990); *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). "Any doubts about whether relief should be

granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Sauer Construction, LLC v. R&R Masonry, Inc.*, No.: 2:24-cv-05277-DCN, ECF No. 23 at 4 (D.S.C. May 22, 2025) (Norton, J.); citing *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

The Fourth Circuit sets six factors for courts to consider when determining whether good cause exists: "[1] whether the moving party has a meritorious defense, [2] whether he acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake,* 439 F.3d 198, 204–05 (4th Cir. 2006). The criteria must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 954 (4th Cir.1987).

"The disposition of motions made under Rule 55(c) ... is a matter which lies largely within the discretion of the trial judge." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.,* 383 F.2d 249, 251 (4th Cir. 1967).

## IV. ARGUMENT

### A. Plaintiff Thibeault failed to properly serve Central, thus requiring relief under Rules 12(b)(2) and 12(b)(5), Fed. R. Civ. P., and also Vacatur of the Entry of Default

Thibeault's Proof of Service only purports to serve CTCS. CTCS is not Central's registered agent, nor is it authorized to accept process. *Exhibit I* at ¶4. This purported service does not comply with the requirements of Rule 4. Central has not been properly served, and therefore the Court does not have jurisdiction over Central. Rule 12(b)(2), Fed. R. Civ. P. "[I]t is a plaintiff's duty to properly effect service onto a defendant, particularly when plaintiff moves for default, . . . and . . .

no default can be entered without a defendant being served properly." *DICK'S Sporting Goods*, ECF No. 38, at 8. (Internal citations omitted). The Court should set aside default against Central because the company has not been served.

The circumstances here present an even clearer case of defective service than *DICK'S Sporting Goods*. There, the purported recipient of process was the corporate defendant's President and CEO and therefore was an individual potentially authorized to receive service under Rule 4(h). Nevertheless, the Court determined that service had not been properly effected and concluded that good cause existed to vacate the resulting entry of default. *DICK'S Sporting Goods*, ECF No. 38, at 9–12. Here, Central has presented sworn evidence that CTCS was neither Central's registered agent nor otherwise authorized to receive process on its behalf. Kalczynski Aff. ¶¶ 4–5. Plaintiff's own Complaint identifies an entirely different entity as Central's BOC-3 agent in South Carolina. ECF No. 1 ¶ 4.

Accordingly, Plaintiff's delivery of process to CTCS did not constitute service upon Central under Rule 4(h). Because Central was never properly served, the Court has not acquired personal jurisdiction over Central, and the purported service should be quashed pursuant to Rule 12(b)(5). For the same reason, good cause exists under Rule 55(c) to vacate the Clerk's Entry of Default.

**B. Alternatively, good cause exists to set aside the default.**

Assuming *in arguendo* that Plaintiff Thibeault properly served Central (which he did not), good cause exists per Rule 55(c), Fed. R. Civ. P., and the *Payne* factors support setting aside the default against Central.

**i. Central's meritorious defenses weigh in its favor under *Payne***

First, Central has meritorious defenses against the direct and derivative claims brought by Plaintiff. To the extent that Plaintiff's claims attempt to assert *respondeat superior* liability on the

part of Central for the actions of Defendant Streetman, Central incorporates by reference the meritorious defenses raised by Streetman as if restated verbatim here. As to the direct claims of negligent hiring, training and supervision, Central cannot deny allegations that do not exist. Thibeault's complaint fails to articulate any fact relating to Central's supervision, training or hiring of Streetman. Plaintiff's allegations must contain more than "unadorned conclusory allegations … 'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Central's meritorious defenses weigh in its favor when considering them under the modest *Payne* standard.

**ii. *Payne* favors setting aside the default because Central acted with reasonable promptness upon learning of the lawsuit and the default.**

The issue of reasonable promptness "must be gauged in light of the facts and circumstances of each occasion." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Even assuming proper service, which is denied, Central made a response three days after default approximately 30 days from the date of purported service. As of August 20, 2026, Plaintiff has not moved for a default judgment. The timing of Central's Motion here should also be considered favorably under *Payne*. "District Courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside." *Sauer Construction, LLC v. R&R Masonry, Inc.*, No.: 2:24-cv-05277-DCN, ECF No. 23 at *7 (D.S.C. May 22, 2025) (Norton, J.) (finding that a defaulting defendant acted reasonably prompt by filing to set aside default eleven days after entry of default); *citing Reg'l Med. Ctr. of*

*Orangeburg v. Salem Servs. Grp., LLC*, 2020 WL 1956515, at *3 (D.S.C. Apr. 23, 2020). Central's response is more timely even than the defaulting party in *Sauer*.

**iii. Plaintiff cannot demonstrate any prejudice if default were to be set aside.**

If the Court sets aside the default, Thibeault would be required to litigate and prove his case. Requiring Plaintiff to prove his case on the merits does not equate to prejudice because he suffers nothing "beyond that suffered by any party which loses a quick victory." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). This action was filed only three months ago. No discovery has occurred. No evidence has been lost because of the brief default. No witness has become unavailable. Thibeault is in exactly the same posture he would have occupied had Central timely responded to the Complaint.

**iv. Central's personal responsibility for the default was limited.**

Kevin Kalczynski, the person at Central who receives process, never received a copy of this lawsuit. Even assuming proper service, which is denied, Central's personal responsibility for the default is minimal. The company did not know that it needed to respond to Thibeault's Complaint.

**v. Central has no history of dilatory conduct.**

This is the beginning of litigation, so Central has no history of missing deadlines and has not disobeyed any court order.

**vi. Less drastic sanctions are available.**

Holding Central in default, prohibiting it from presenting defenses and impairing the company's ability to investigate the claims in the Complaint is an onerous and drastic sanction. Respectfully, Central argues that any sanction is inappropriate here because it was not properly served. Nonetheless, if the Court determines that sanctions are appropriate, less drastic

alternatives remain available, including an award of reasonable costs attributable to the default proceeding.

### C. Alternatively, assuming that Plaintiff Thibeault properly served Defendant, his direct negligence claims against Central fail to satisfy Rule 8, Fed. R. Civ. P. and should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Without waiving its objections to service or personal jurisdiction, and only in the alternative if the Court determines that Thibeault properly served Central, Central moves to dismiss Plaintiff's direct negligence claims pursuant to Rule 12(b)(6), Fed. R. Civ. P. Plaintiff's direct negligence claims do not satisfy the mandatory pleading requirements of Rule 8, Fed. R. Civ. P. Rule 8 requires a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "unadorned conclusory allegations" and "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557).

Thibeault alleges that Central negligently hired, trained, supervised, and retained Streetman, but the Complaint contains no factual allegations concerning Central's hiring, training, supervision, or retention of Streetman. Thibeault additionally alleges negligent entrustment without establishing any fact supporting the allegation. It identifies no deficiency in Streetman's qualifications or training, no information known or reasonably available to Central suggesting that Streetman was unfit to operate a commercial vehicle, and no act or omission by Central that caused or contributed to the accident. Plaintiff merely recites theories of direct negligence without factual allegations supporting those theories. The direct negligence claims therefore fail to satisfy Rule 8 and should be dismissed pursuant to Rule 12(b)(6).

## V. CONCLUSION

Pursuant to Rules 4, 12(b)(2), 12(b)(5), and 55(c), Central respectfully requests that the Court quash Plaintiff's purported service, set aside the Clerk's Entry of Default, and require Plaintiff to properly serve Central. Alternatively, even assuming valid service, Central respectfully requests that the Court set aside the Clerk's Entry of Default for good cause under Rule 55(c) and *Payne*. Finally, if the Court determines that Central was properly served, Central respectfully requests that Plaintiff's direct negligence claims be dismissed pursuant to Rule 12(b)(6).

Respectfully submitted,

*s/Joseph A. Catalano*

Joseph A. Catalano [Fed ID No.: 13401]
Jacob A. Biltoft [Fed ID No.: 13787]
The McKay Firm, P.A.
3700 Forest Drive, Suite 404 (29204)
P.O. Box 7217
Columbia, SC 29202
Tel: (803) 256-4645
Fax: (803) 765-1839
Email: jbiltoft@mckayfirm.com
Attorney for Defendants

Columbia, South Carolina
August 20, 2026