# EXHIBIT I

# AFFIDAVIT OF
# KEVIN KALCZYNSKI

**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Thomas Thibeault,<br><br>Plaintiff,<br><br>v.<br><br>Central Transport, LLC and Jordan Kentrel Streetman,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 1:26-cv-1991-SAL<br><br>**DECLARATION OF KEVIN KALCZYNSKI** |

Kevin Kalczynski, under penalty of perjury, states:

1. I am a lawyer licensed in the State of Michigan since 2000. At all relevant times, I have been Central Transport LLC's ("Central") Vice President – Legal. My position is based out of the State of Michigan.

2. In my role as Vice President – Legal, all service of process relating to Central is forwarded to me for handling.

3. I have reviewed Plaintiff's Request for Default at ECF No. 9 and Plaintiff's Notice of Filing of Proof of Service at ECF No. 6.

4. The Proof of Service inaccurately reflects CT Corporation System as Central's South Carolina registered agent. CT Corporation System did not serve as Central's registered agent on July 21, 2026, and was not otherwise authorized by Central to accept service of process on its behalf.

5. On July 21, 2026, the date of service reflected at ECF No. 6, Cogency Global Inc. served as Central Transport LLC's registered agent in South Carolina. See

*Exhibit A, South Carolina Secretary of State Record of Central Transport's Registered Agent.*

6. Cogency Global did not receive a copy of the summons and complaint in this matter. *See Exhibit B, E-mail from Cogency Global, Inc. Regarding Service of Process.*

7. Central has yet to be served with a copy of this lawsuit.

8. Plaintiff's Complaint alleges direct claims of Negligent Hiring, Entrustment, Training, Retention and Supervision against Central. ECF No.: 1 at 5, ¶¶ 27-33. Plaintiff also alleges that Central is vicariously liable for alleged negligence of Defendant Streetman.

9. The Complaint fails to plead any fact showing any direct act or omission by Central relating to training, supervision or hiring of Defendant Streetman. I cannot deny facts that have not been pled. Central Transport denies Plaintiff's conclusory allegations relating to the direct claims in the Complaint.

10. Further, based on the currently known facts, Central denies that its former employee Defendant Streetman negligently caused the accident at issue in this case.

**I SWEAR UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. Executed on the 8th day of August 2026, pursuant to 28 U.S. Code § 1746[1].**

K. Kalczynski
Kevin Kalczynski

[1] A Declaration under penalty of perjury made pursuant to 28 U.S.C. § 1746 may be used in lieu of a notarized Affidavit. A Declaration under penalty of perjury has the same force and effect as a notarized Affidavit.