**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Thomas Thibeault,<br><br>Plaintiff,<br><br>v.<br><br>Central Transport, LLC and<br>Jordan Kentrel Streetman,<br><br>Defendants. | Case No.: 1:26-cv-01991<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO SET ASIDE DEFAULT** |

Plaintiff Thomas Thibeault, by and through undersigned counsel, responds to Defendants' Motions to Set Aside Default as follows:

## LEGAL STANDARD

Fed. R. Civ. P. 55(c) states "The court may set aside an entry of default for good cause." Good cause under 55(c) must be interpreted by weighing the factors of "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). Although the Fourth Circuit generally favors resolution on the merits, that preference does not eliminate the good-cause requirement, shift the burden to the non-defaulting party, or entitle every defaulting litigant to relief.

## ARGUMENT

**1. Plaintiff concedes service of process may be defective as to Central Transport LLC**

Plaintiff acknowledges that questions exist regarding whether service upon Central Transport LLC ("Central") was properly effected and therefore consents to setting aside the Entry of Default as to Central. After a reasonable inquiry, Plaintiff has not received clarification from the

process server. Based upon the representations contained in Central's Motion and Exhibits, Plaintiff acknowledges that actual notice is unclear. Because Central's Rule 12(b)(6) arguments are asserted only in the alternative, and because Central's motion primarily seeks relief based on insufficient service, the Court need not reach the sufficiency of pleading arguments at this time. Plaintiff requests leave to correct the service issue and address any sufficiency of pleadings arguments in due course.

**2. *Payne* Factors Weighing Against Streetman.**

Streetman has not carried his burden. His own declaration establishes that process was properly delivered to his residence on July 23, 2026; that he actually reviewed the papers by August 7, 2026, six days before his response deadline; that he understood the papers required a response; and that he nevertheless did not answer, request an extension, appear pro se, contact Plaintiff's counsel, or seek relief from the Court. Streetman Decl. ¶¶ 5, 7–9, ECF No. 11-1.

Nor has Streetman shown a meritorious defense. His declaration admits that he drove a commercial tractor-trailer into the rear of Plaintiff's stopped vehicle. *Id.* at ¶¶ 10–11. The only factual explanation he offers is that traffic stopped in front of him and he had "only a few seconds to react." Id. at ¶ 10. But stopping traffic is an ordinary and foreseeable condition of interstate driving, not evidence establishing that the collision was unavoidable or resulted from a sudden emergency for which Streetman bore no responsibility. As stated in Streetman's brief, a driver confronted with a sudden emergency that **he did not cause** is required to exercise the care that a reasonably prudent person would exercise under the same circumstances. *See Spahn v. Town of Port Royal*, 326 S.C. 632, 637, 486 S.E.2d 507, 510 (Ct. App. 1997) aff'd as modified, 330 S.C. 168, 499 S.E.2d 205 (1998). Here, all facts asserted lead to the same conclusion: Streetman's failure to maintain a proper following distance was the cause of the crash. The relevant inquiry is

not whether Streetman is willing to deny negligence, but whether he has proffered facts that, if proven, would permit a judgment in his favor. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,* 843 F.2d 808, 812 (4th Cir. 1988).

Streetman's allegations and arguments concerning the extent of Plaintiff's injuries and vehicle damage fare no better. Streetman states that he did not hear Plaintiff complain of injuries at the scene, that Plaintiff was not transported by ambulance, and that Plaintiff left in his own vehicle. Streetman Decl. ¶ 11. Those observations do not disprove injury, causation, or damages. At most, they identify matters for cross-examination and damages apportionment. They do not constitute a meritorious defense, and Streetman supplies no medical evidence, expert testimony, repair estimate, photograph, or other admissible evidence establishing that Plaintiff was uninjured. *Id.*

Streetman was personally responsible for his own default, and Central contributed to the default. Streetman claims to have read the paperwork received by substitute service within the time to answer. The form summons issued by the Court described Streetman's obligations in plain language. Streetman's consultation with local attorneys demonstrates that he understood the legal significance of the documents he received and that affirmative action was required. Streetman also asserts that he tried to notify Central, and that Central failed to respond to him promptly. After receiving a delayed response from Central, Streetman took no further action despite his obligation to answer or otherwise respond to the Complaint.

Streetman argues that he has no history of dilatory conduct because the case is in its early stages. Mot. 8, ECF No. 11. Streetman's declaration contradicts this, insofar as Streetman attempts to assert a liability defense unsupported by his own assertion of facts. Assertion of a defense to liability which is unsupported is itself dilatory in nature.

**3. *Payne* Factors Weighing in Favor of Streetman.**

Plaintiff recognizes that the ordinary burden of litigating a case on the merits, standing alone, is generally not sufficient prejudice under Rule 55(c). *See Augusta Fiberglass*, 843 F.2d at 812 (distinguishing cognizable prejudice from the loss of a quick victory). Setting aside the default also requires Plaintiff to incur the additional burden and delay caused by responding to motions practice which resulted from Streetman's own failure to act despite actual notice.

Plaintiff also recognizes lesser sanctions are available. If the Court is inclined to grant Streetman's Motion, Plaintiff requests that the Court order Defendant Streetman to pay for and attend an early mediation of the parties to be completed by October 15, 2026. Such an order will encourage the just, speedy, and inexpensive determination of the action, pursuant to the goals of Fed. R. Civ. P. 1.

**CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court deny Defendant Streetman's Motion to Set Aside Entry of Default and leave the Clerk's entry of default in place. Plaintiff consents to an order lifting the Entry of Default against Central Transport LLC. Alternatively, if the Court grants relief, Plaintiff requests that the Court order Defendant Streetman to pay for and attend an early mediation of the parties to be completed by October 15, 2026, as a condition of doing so.

Respectfully submitted,

**MORGAN & MORGAN P.A.**

*s/ Cooper Klaasmeyer*
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5438
cooper.klaasmeyer@forthepeople.com
teamck@forthepeople.com
**Attorneys for the Plaintiff**

September 3, 2026
Charleston, South Carolina