IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Thibeault,<br><br>Plaintiff,<br><br>v.<br><br>Central Transport LLC and Jordan Kentrel Streetman,<br><br>Defendants. | C/A No.: 1:26-cv-1991-SAL<br><br>**DEFENDANT JORDON KENTREL STREETMAN'S REPLY** |

Defendant Jordan Kentrel Streetman, correctly identified as Jordon Kentrel Streetman, ("Streetman") respectfully submits this Reply to Plaintiff Thomas Thibeault's ("Thibeault") Response in Opposition to Streetman's Motion to Set Aside Entry of Default.[1]

**I. Assertion of liability defenses does not constitute dilatory action.**

Thibeault cites no authority supporting his contention that "assertion of a defense to liability which is unsupported is dilatory. . . ." *ECF No. 14* at 3. As explained below and in his Motion at *ECF No. 11*, Streetman has raised meritorious defenses supported by evidence. Streetman disputes that his defenses are unsupported, but this dispute need not be considered in determining whether Streetman has a history of dilatory conduct.

Whatever Thibeault thinks of the merits of Streetman's defenses, asserting merits defenses in an initial pleading cannot alone create a history of litigation delay contemplated by *Payne*. Nor does Streetman's purported failure to timely answer the Complaint alone establish a history of dilatory action. *See Nilkanth LLC v. Fortegra Specialty Insurance*, No. 2:22-cv-04566-DCN, 2023

[1] Thibeault "consents to setting aside Entry of Default as to [Defendant Central Transport, also represented by the undersigned]." ECF No. 14 at 1. Accordingly, Central does not separately reply and respectfully requests that the Court set aside the Entry of Default consistent with Thibeault's consent.

WL 2333497, at *5 (D.S.C. Mar. 2, 2023). See also *Cousar v. M&R Carriers 1, Inc.*, No. 6:16-cv-00865-HMH, 2016 WL 3087008, at *2 (D.S.C. June 2, 2016) (finding "no evidence of previous dilatory action" apart from defendants' failure to answer). Streetman has engaged in no prior dilatory conduct in this action, and his assertion of a liability defense in his first substantive filing cannot transform a merits dispute into a history of delay.

**II. Streetman has presented a meritorious defense.**

Thibeault's Response demands more than Rule 55(c) requires to prove a meritorious defense at this early stage of litigation. Streetman need not prove that his defenses will prevail at trial. To show a meritorious defense, Streetman must proffer facts which, if believed, would permit a jury finding in his favor. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) ("[T]he underlying concern is . . . whether there is ***some possibility*** that the outcome . . . after a full trial will be contrary to the result achieved by the default.") (internal citations omitted) (emphasis added). Streetman testified that he reacted to suddenly stopped traffic, that he did not cause the traffic stop, that he had mere seconds to react, that he immediately acted to stop safely, and that contact with Thibeault's vehicle occurred at less than five miles per hour. *See also Cousar* at *2 (finding a meritorious defense where defendants disputed fault and raised comparative negligence, sudden emergency, and unavoidable accident defenses). A jury believing this testimony could reasonably find that Streetman was not negligent in reacting to a situation that he did not cause, or that Streetman's conduct was not the proximate cause of Thibeault's alleged injuries and damages. Streetman does not need to win his case today for the Court to determine that a meritorious defense exists.

Likewise, Streetman does not need to submit medical evidence, expert testimony, or other evidence to prove a damages defense prior to being permitted to conduct discovery. Streetman's

firsthand observations that he heard no complaint of injury at the scene of the accident, that Thibeault required no emergency medical transportation from the scene, and that Thibeault drove away from the scene in the involved vehicle with minimal apparent damage, provide an additional factual basis for disputing causation and damages.

Streetman does not need to win these disputes today to show a meritorious defense. Requiring this goes beyond what *Payne* requires.

**III. Streetman's conduct does not justify preserving the default.**

Streetman testified that he first received the suit papers on August 7, 2026, and that he acted quickly to attempt to retain representation. Thibeault characterizes Streetman as understanding what the papers required but nonetheless failing to respond. *ECF No. 14* at 2-3. Streetman's declaration says otherwise. Streetman testified that he had never been sued, did not know that he had 21 days to respond, and that he did not understand what he was required to do. *ECF No. 11-1* at ¶ 7. The Clerk of Court entered Default on August 17, 2026. Streetman moved to set aside default only three days later on August 20, only thirteen days after he first actually saw the Complaint. Streetman's personal responsibility does not warrant maintaining the default here.

*Payne* does not require that Streetman "answer, request an extension, appear *pro se*, contact [opposing counsel], or seek relief from the Court" for default to be set aside. *See ECF No. 14* at 3. Streetman's conduct does not reflect sustained disregard for this litigation. Streetman acted with reasonable promptness after receiving the lawsuit.

**IV. Streetman leaves the issue of sanctions to the Court's discretion.**

Thibeault requests a mediation on or before October 15, 2026, paid by Streetman. *ECF No. 14* at 4. Streetman leaves the issue of lesser available sanctions to the Court's sound discretion, but notes that, since the filing of Thibeault's response, the parties have agreed to mediate on or around

September 25, 2026. Defendants have not agreed to bear mediation costs beyond their customary half of the mediator's fees.

**V. Conclusion**

Thibeault's Response requires the Court to go beyond *Payne*. Streetman does not need to win his case today, and his meritorious defenses, supported by testimony, warrant further investigation and discovery. He has no history of dilatory action. Streetman's reasonably prompt actions and limited personal responsibility further support setting aside default, a drastic sanction. Respectfully, Streetman asks that the Court grant his Motion.

Respectfully submitted,

*s/Joseph A. Catalano*

Joseph A. Catalano [Fed ID No.: 13401]
The McKay Firm, P.A.
3700 Forest Drive, Suite 404 (29204)
P.O. Box 7217
Columbia, SC 29202
Tel: (803) 256-4645
Fax: (803) 765-1839
Email: jcatalano@mckayfirm.com
Attorney for Defendants

Columbia, South Carolina
September 10, 2026